15 F.3d 1089
 73 A.F.T.R.2d 94-784
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Stuart SELIGSON, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 92-70634.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1993.*
Decided Jan. 6, 1994.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Stuart Seligson appeals pro se the tax court's decision upholding the Commissioner of Internal Revenue's ("Commissioner") determination of tax deficiency and additions to tax for the tax year 1986. We have jurisdiction under 26 U.S.C. Sec. 7482(a), and we affirm.
 
 
 3
 * Tax Deficiency
 
 
 4
 Seligson contends the determination of a tax deficiency in 1986 was erroneous because he was not required to recognize taxable income, interest, and dividends distributable to him from a trust created for his benefit because the trust was a complex trust. This contention lacks merit.
 
 
 5
 The Tax Court's findings that a trust was a simple trust and that a taxpayer was in constructive receipt of the trust's income are findings of fact, which we review for clear error. See Baxter v. Commissioner, 816 F.2d 493, 494 (9th Cir.1987).
 
 
 6
 A trust that is required to distribute all of its income currently for the taxable year, that has no provision for charitable contributions, and that makes no distribution other than out of current income is a simple trust. 26 C.F.R. Sec. 1.651(a)-1. A complex trust is one that is required to accumulate some or all of its income for distribution in a later year. See 26 C.F.R. Sec. 1-651(a)-2(a). "A trust may be a simple trust for one year and a complex trust for another year." Id. If a trust requires or permits its income to be accumulated one year and in another tax year requires its income to be distributed currently, "then the trust is a simple trust for the latter year." Id. at 1.651(a)-2(c). The Commissioner's determination that a trust is complex is presumed to be correct, and the taxpayer bears the burden of proving that the determination is erroneous. See Tax Ct.R. 142(a).
 
 
 7
 A beneficiary of a simple trust must include the amount of income for the taxable year required to be distributed by the trust in his or her gross income whether or not the income is distributed. 26 U.S.C. Sec. 652(a); See Estate of Petschek v. Commissioner, 738 F.2d 67, 70 (2d Cir.1984) (holding that under the conduit theory, a beneficiary receives or realizes income at the moment it is received by the trust).
 
 
 8
 Here, the terms of the trust provide that the entire net income of the trust shall be paid to Seligson for his lifetime. For the tax year 1986, the trustee was required to distribute all current income. The trust did not provide for a charitable contribution in 1986. Thus, in 1986, the trust was a simple trust. See 26 C.F.R. Sec. 1-651(a).[1]
 
 
 9
 At the end of fiscal 1986, the trust had an income in the amount of $111,504.63 that was distributable to Seligson. The annual accounting for the trust indicated $1,542 in dividends and $9,453 in interest, for a total of $10,995. Although no distribution was made in 1986, Seligson did not disclaim or renounce his rights under the trust. Thus, as beneficiary of a simple trust, Seligson was required to include the trust's income in his gross income for tax year 1986, even though the income was not distributed. See 26 U.S.C. Sec. 652(a). Accordingly, the tax court did not err by upholding the Commissioner's determination that Seligson was taxable on the income of the trust. See Baxter, 816 F.2d at 494.
 
 II
 Additions to Tax
 
 10
 Seligson contends the tax court erred by upholding the Commissioner's determination that he was liable for additions to tax for negligence pursuant to 26 U.S.C. Sec. 6653(a)(1). This contention lacks merit.
 
 
 11
 The tax court's finding that a taxpayer was liable for additions to tax for negligence will be set aside only if it is clearly erroneous. Allen v. Commissioner, 925 F.2d 348, 353 (9th Cir.1991).
 
 
 12
 Section 6653(a)(1) imposes a 5% addition to tax against a taxpayer when any part of an underpayment is due to negligence. 26 U.S.C. Sec. 6653(a)(1). The addition to tax is an amount equal to 5% of the underpayment. Id. Prior to 1988, section 6653(a)(1) also imposed an addition to tax in an amount equal to 50% of the interest payable on such underpayment. Allen, 925 F.2d at 353. Negligence under section 6653(a) is "the lack of due care or failure to do what a reasonable and prudent person would do under similar circumstances." Id. The Commissioner's determination of a negligence penalty is presumptively correct, and the taxpayer bears the burden of proving the addition was erroneous. Id.
 
 
 13
 Here, Seligson had been informed by letter that the trust's current and accumulated income, in the amount of $111,504.63, was distributable to Seligson. Seligson also received copies of the fiduciary income tax return for the trust for the fiscal year 1986, an annual accounting, a Schedule K-1, Beneficiary's Share of Income, Deductions, and Credits. The annual accounting and K-1 reported $10,995 in interest and dividend income. The letter Seligson received also indicated that the amounts of income contained in the Schedule K-1 were taxable to him. Given these circumstances, we cannot say the tax court clearly erred by finding Seligson liable for additions to tax. See id.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We reject Seligson's argument that the trust's provision for unnamed beneficiaries upon Seligson's death renders the trust complex for tax year 1986. See 26 C.F.R. Sec. 1.651(a)-1 (a trust may be simple one year and complex another); Van Buren v. Commissioner, 89 T.C. 1101 (1987) (classifying a trust as a simple trust for the year at issue, where trust provided that all net income would be distributed to the petitioner during her life and that, upon petitioner's death, half of the remaining trust principal was to be distributed according to petitioner's testamentary general power of appointment and half was to be distributed to designated beneficiaries)